**JAMES R. GREINER, ESQ.**
CALIFORNIA STATE BAR NUMBER 123357
**LAW OFFICES OF JAMES R. GREINER**
555 UNIVERSITY AVENUE, SUITE 290
SACRAMENTO, CALIFORNIA 95825
TELEPHONE:(916) 649-2006
FAX: (916) 920-7951
E MAIL: jaygreiner@midtown.net

ATTORNEY FOR DEFENDANT
KOUTKEO THI

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR.-S-08-391-GEB |
| ) PLAINTIFF, ) | STIPULATION AND PROPOSED ORDER TO CONTINUE STATUS CONFERENCE TO DECEMBER 11, 2009 |
| v. ) | |
| ) KEOOUDONE N. PHAOUTHOUM, ) et al., ) ) DEFENDANTS. ) _____) | |

    Plaintiff United States of America, by its counsel, Assistant United States Attorney, Mr. Michael M. Beckwith, and defendant Keoudone N. Phaouthoum by his attorney Mr. Joseph Wisemen, defendant Zi Lei, by his attorney, Mr. J. Clark Head, defendant John Li, by his attorney Mr. Johnny L. Griffin, III and defendant Koutkeo Thi, by her attorney Mr. James R. Greiner, hereby stipulate and agree that the status conference calendared for **Friday, September 25, 2009, at 9:00 a.m.** before the Honorable United States District Court Judge, Garland E. Burrell, Jr., may be continued to **Friday, December 11, 2009, at 9:00 a.m, and excluding time under the Speedy Trial Act under local code T-2 for complexity** (Title 18 U.S.C. section 3161(h)(8)(B)(ii)) and **T-4**, reasonable time for attorney preparation (Title 18 U.S.C. section 3161(h)(8)(B)(iv)).

1

The Court's courtroom deputy, Ms. Shani Furstenau, has been contacted to ensure the Court's calendar was available for that date and the Court is available on Friday, December 11, 2009.

There is no trial date set.

The Court has previously made a finding that this case is complex pursuant to the Speedy Trial Act, Title 18 U.S.C. section 3161(h)(8)(B)(ii) and local code T-2, which allowed the Court to make the finding that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. (See Docket Entries # 43, 52, 69 and 85). In addition, the Court previously found from the record made with factual support, that time is to be excluded under local code T-4, that time is to be excluded for the reasonable time necessary for effective preparation by defense counsel and Title 18 U.S.C. section 3161(h)(8)(B)(iv), of the speedy trial act. (See Docket Entries # 43, 52, 69 and 85)

## PROCEDURAL STATUS OF THE CASE

On August 11, 2008, the government filed a criminal complaint. (See Docket Entry #1). On August 28, 2008, the government filed a six (6) count Indictment against the six (6) defendants. (See Docket Entry # 40)

On August 28, 2008, five (5) of the defendants were arraigned on the six (6) count Indictment and a status conference was scheduled for November 7, 2008. (See Docket Entry # 43)The Court found that this case is complex pursuant to the Speedy Trial Act, Title 18 U.S.C. section 3161(h)(8)(B)(ii) and local code T-2, which allowed the Court to make the finding that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy

Trial Act.  (See Docket Entry 43). In addition, the Court previously found from the record made with factual support, that time is to be excluded under local code T-4, that time is to be excluded for the reasonable time necessary for effective preparation by defense counsel and Title 18 U.S.C. section 3161(h)(8)(B)(iv), of the speedy trial act. Time was excluded under the Speedy Trial Act from August 28, 2008, to November 7, 2008. (See Docket Entry 43)

On October 22, 2008, defendant De Yang (which would be the sixth defendant) was arraigned on the six (6) count Indictment. (See Docket Entry #52) The Court found that this case is complex pursuant to the Speedy Trial Act, Title 18 U.S.C. section 3161(h)(8)(B)(ii) and local code T-2, which allowed the Court to make the finding that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act.  (See Docket Entry 43 and 52). In addition, the Court previously found from the record made with factual support, that time is to be excluded under local code T-4, that time is to be excluded for the reasonable time necessary for effective preparation by defense counsel and Title 18 U.S.C. section 3161(h)(8)(B)(iv), of the speedy trial act. Time was excluded under the Speedy Trial Act from October 22, 2008, to November 7, 2008. (See Docket Entry 43 and 52)

On November 7, 2008 (See Docket # 59), the Court signed an order to continue the case for a further status conference to January 16, 2009, excluding time under the Speedy Trial Act under Title 18 U.S.C. section 3161(h)(8)(B)(ii) and local code T-2, which allowed the Court to make the finding that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established

by the Speedy Trial Act.  (See Docket Entry # 59). In addition,  the Court  found from the record made with factual support, that time is to be excluded under local code T-4, that time is to be excluded  for the reasonable time necessary for effective preparation by defense counsel and Title 18 U.S.C. section 3161(h)(8)(B)(iv), of the speedy trial act (See Docket Entry # 59).

On January 16, 2009, a status conference was held in open Court and the parties requested a further status conference on April 17, 2009, excluding time under the Speedy Trial Act under Title 18 U.S.C. section 3161(h)(8)(B)(ii) and local code T-2, which allowed the Court to make the finding that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act.  (See Docket Entry # 69). In addition,  the Court  found from the record made with factual support, that time is to be excluded under local code T-4, that time is to be excluded  for the reasonable time necessary for effective preparation by defense counsel and Title 18 U.S.C. section 3161(h)(8)(B)(iv), of the speedy trial act (See Docket Entry # 69).

On April 17, 2009, a status conference was held in open Court and the parties requested a further status conference on June 19, 2009, excluding time under the Speedy Trial Act under Title 18 U.S.C. section 3161(h)(8)(B)(ii) and local code T-2, which allowed the Court to make the finding that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act.  (See Docket Entry # 81). In addition,  the Court  found from the record made with factual support, that time is to be excluded under local code T-4, that time is to be excluded  for the reasonable time necessary for effective

preparation by defense counsel and Title 18 U.S.C. section 3161(h)(8)(B)(iv), of the speedy trial act (See Docket Entry # 81).

On June 16, 2008 (See Docket # 85), the Court signed an order to continue the case for a further status conference to September 25, 2009, excluding time under the Speedy Trial Act under Title 18 U.S.C. section 3161(h)(8)(B)(ii) and local code T-2, which allowed the Court to make the finding that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. (See Docket Entry # 85). In addition, the Court found from the record made with factual support, that time is to be excluded under local code T-4, that time is to be excluded for the reasonable time necessary for effective preparation by defense counsel and Title 18 U.S.C. section 3161(h)(8)(B)(iv), of the speedy trial act (See Docket Entry # 85).

On September 18, 2009 (See Docket Entry # 92) the Court signed a substitution of attorneys appointing Mr. Joseph J. Wiseman to represent the lead defendant, Mr. Keooudone Noy Phaouthoum. Other counsel have been in the case over a year prior to Mr. Wiseman substituting into the case.

## DISCOVERY STATUS IN THE CASE

The government is in the process of continuing to produce discovery in this case. To date, the government has produce approximately over 4,700 pages both on CD's and hard copy and approximately over 2,000 telephone calls of various time duration. The defense is in the continuing process of reviewing this large amount of discovery.

In addition, investigation by the defense is on going.

Further, the defense is continually evaluating the case in light of other defendants entering into plea deals with the government.

5

In addition, the review of the over 2,000 telephone calls continues and is continually being evaluated.

Finally, many of the defendants are in more than one indictment filed by the government and the complexity of multiple defendants in the multiple indictments, the complexity of the investigation based on multiple indictments, the complexity of the legal issues in the multiple indictments and the complexity of attempting to discuss with the government any type of resolution is complex due to the complexity of multiple indictments.

**SUBSTITUTION OF NEW COUNSEL FOR THE LEAD DEFENDANT**

On September 18, 2009 (See Docket Entry # 92) the Court signed a substitution of attorneys appointing Mr. Joseph J. Wiseman to represent the lead defendant, Mr. Keooudone Noy Phaouthoum. Other counsel have been in the case over a year prior to Mr. Wiseman substituting into the case.

To date, the government has produce approximately over 4,700 pages both on CD's and hard copy and approximately over 2,000 telephone calls of various time duration. The defense is in the continuing process of reviewing this large amount of discovery. Mr. Joseph J. Wiseman needs sufficient and a reasonable amount of time to review the large amount of discovery, to discuss the discovery with his client, and to figure out where his client is in this case.

In addition, Mr. Wiseman's client, as well as others in this case, are defendants in more than one Indictment, which adds to the complexity of the case, adds to the need for sufficient and reasonable amount of time for attorney preparation in this complex case.

Further, as Mr. Wiseman's client is in multiple Indictments, Mr. Wiseman must have sufficient time to formulate a investigative plan, discuss with the client what investigation is needed and to then meet and confer with the investigator to start the

6

investigation of the multiple cases.

### SPEEDY TRIAL ACT EXCLUSION OF TIME

The parties stipulate and agree that time under the Speedy Trial Act shall continue to be excluded **up to and including Friday, December 11, 2009, under** the Speedy Trial Act under Local Code T-2 (**complexity of case**) and Title 18 U.S.C. section 3161(h)(8)(B)(ii)and Local Code T-4 (**time for defense counsel preparation**) and Title 18 U.S.C. section 3161(h)(8)(B)(iv).

                                          Respectfully submitted,
                                          LAWRENCE G. BROWN
                                          ACTING UNITED STATES ATTORNEY

DATED: 9-24-09              /s/ Michael M. Beckwith by e mail authorization
                                          Michael M. Beckwith
                                          ASSISTANT UNITED STATES ATTORNEY

DATED: 9-24-09              /s/ Joseph J. Wiseman by e mail authorization
                                          Joseph J. Wiseman
                                          Attorney for Defendant Keoudone N. Phaouthoum

DATED 9-24-09               /s/ J. Clark Head by telephone authorization
                                          J. Clark Head
                                          Attorney for Defendant Zi Lei

DATED: 9-24-09              /s/ Johnny L. Griffin, III by e mail authorization
                                          Johnny L. Griffin, III
                                          Attorney for Defendant John Li

DATED: 9-24-09              /s/ James R. Greiner
                                          James R. Greiner
                                          Attorney for Defendant Koutkeo Thi

///
///
///

## ORDER

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: September 24, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge